IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELIE FLORADIN

    Petitioner,
v.                                                  Case No. 3:23cv24553/MCR/MAL

UNITED STATES OF AMERICA

    Respondent.
                                /

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a pleading titled "Administrative Law Complaint, Memorandum of Record." ECF No. 2. The Clerk docketed the submission as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because Petitioner complained about matters relating to sentencing credits under the First Step Act.

On September 21, 2023, I entered an order directing Petitioner to file an amended § 2241 petition on the proper court form along with two service copies thereof and to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis. ECF No. 4. The appropriate forms were provided to Petitioner. He was given until October 23, 2023, to comply, and he was warned that failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case.

On October 12, 2023, the Clerk received a pleading titled "Notice of Default and Dishonor with Opportunity to Contest or Cure" in which Petitioner complains that the United States' failure to respond to his "Administrative Law Complaint" within seven days means he is entitled to relief. ECF No. 5. He filed nothing further.

On October 30, 2023, I issued an order directing Petitioner to show cause why this case should not be dismissed for his failure to comply with a court order. ECF No. 6. The order provided that the show cause order would be discharged if Petitioner complied with the September 21, 2023, order by submitting the required items within fourteen days. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner

has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's construed petition under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on November 20, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.